Successor, by virtue of the Chase Home Financial LLC, argument number 315.5, Fair, legal, penalty. Good morning, Your Honors. Good morning. Darwin Fair on behalf of the Appellant Plaintiff, Sabria Lossia. I'd like to reserve three minutes for rebuttal. All right. If it pleases the Court, let me just say that this case really boils down to the issue of whether the lower court abuses discretion by not giving us an opportunity to go forward with discovery in order to determine whether there was, in fact, irregularities and prejudice in this case. And I think it's pretty clear that all the line of cases make clear that irregularity and prejudice is a question of fact. Now, we specifically asked for discovery in this matter in our response to the motion for the defendant's motion to dismiss in June, July of 2014. Well, by August, the judge had dismissed the case. And so we never had an opportunity to, in fact, prove the irregularity and the prejudice. And I would point out to the Court that typically what… But she knew in March of 2010 that she had the right to request a meeting, but she didn't do anything. Well, without question, Judge, but the line of cases is clear that if there is fraud or irregularities, and we're not alleging fraud. We're only alleging irregularities. Alleging what? Excuse me. We're alleging irregularities. Well, what's the irregularity that you contend? I mean, they gave her notice, and they gave her my notes. They notified Plaintiff through its foreclosure counsel of her right to proceed with the meeting. So what's… Well, here's the circular argument of how these lines of cases have gone. And the Court is rightly stating what is typically the argument with regards to whether the homeowner went forward with the statute. And whether the bank complied with the statute. Well, the statute is real clear. I mean, the intent of the statute is real clear. It's to give the homeowner an opportunity to request a loan modification. It doesn't guarantee the loan modification. It's just to request the loan modification. And then you go through the process. Well, it becomes a question of fact. And the Court's real clear that if there is an irregularity, then if the bank went forward with the foreclosure by advertisement, it should be set aside if there's an irregularity. The Kim case makes that clear. The Bryant case makes that clear. And I added the additional citations, which Judge Lawson just recently ruled that, well, we see irregularities. And I also included the dissent in the Carswell case where the judge says, well, it should be remanded to determine whether or not there was an irregularity. I'm still looking at your brief. Do you have your brief in front of you? I can pull it up, Judge, yes. Where do you argue that what you're arguing now is the main point? Well, well. You're saying that the error here was not allowing discovery. Well, yes. I mean, that was our first argument. The first argument is one sentence, which says the motion was premature. That's correct, Judge. And that's the whole point. Judge, that's the whole point. The whole point of your argument is one sentence? Well, Judge, that is the heart of why we were not able to prove that there was irregularities, because it becomes a question of fact. How about Parts 3 and Part – what's the difference between Part 3 and Part 4 of your brief? Well, Part 3 and Part 4 goes to the issue of – I'm asking what the difference is, since they're verbatim identical. Well, there are different lines of attack on the same issue, which is essentially that – Essentially, everything except the first sentence is identical? We wanted to address every argument that the defendant made in this matter. But it boils down to the same thing, Judge, 3205C, and what does it take to make it showing that there's been a violation? Can I ask you a question? Sure. I'm not sure it goes to the merits of this case, but are your clients still in the home? Yes, they are. It's been foreclosed? Yes, it has been. And the foreclose hasn't been stayed? No. So, presumably, whoever owns the home under the foreclosure could evict them, right? They could attempt to. Well, what would stop them? Well, Judge, typically what happens is – That's what I'm asking. Typically what happens is they wait until we rule on your suit? Even though there's no stay or anything, they just sort of look and say, oh, there's litigation, we're not going to evict? Well, the short answer to your question is yes. Okay. That's the answer to the question. Do you file less penalties or something with the Register of Deeds? We typically do file less penalties. I'm not sure if we filed one in this particular case, but we typically do. But if they sold the property, then you'd be out of luck anyway, wouldn't you? Well, Judge, what we found is that they don't because there is this issue. So does that kind of give the lawyer in your position an incentive to appeal, even though the arguments that you've been making over and over may or may not have weight? Does that provide an incentive because it just keeps your client in the home while you're litigating things? You have lost a lot of cases. Well, Judge – Have you? That's what I mean as an attorney. Yes, but I will say this. If you look at my track record, I have an excellent track record with regards to my clients in trying to resolve the case. Let me tell you exactly what I mean by that. I'm not talking about resolving the case. I'm talking about filing appeals that get affirmed. And you're allowed to file appeals that get affirmed. I'm not saying you're not, but if you repeatedly – Sometimes we as judges scratch our head and wonder why repeated appeals that aren't successful get filed, and now you're answering the question, which is it helps your client to file an appeal even though it's unsuccessful. Is that true? Well, Judge, let me – no, I don't think that's true. It's not true that it helps your client to file an unsuccessful appeal? No, I don't think that – But you just said earlier it was helpful to your client because there's a list of tenants and they get to stay in their house while you're filing an unsuccessful appeal. I don't want to twist the judge's words, and I want to make sure I'm answering in response with regards to the reality of the situation. And that is, number one, my client's requesting a loan modification. This case would be real simple if the bank would allow them to have a loan modification. I understand, and it might be more difficult if there hadn't been a foreclosure and not a redemption within the redemption time, which is sort of the standard way you challenge those kinds of things, right? And you wait until the last minute and then file a suit, which is what you did here, right? Wait until two days before the foreclosure redemption period is up? That's not true? Judge, I think my client says it comes to me. I'm not complaining about that. I'm not complaining about what you do. I'm just making an observation about the nature of how these cases proceed. And the nature of how these cases proceed, I'm asking you, I'm not sure it's relevant to the appeal, candidly. I'm just asking you a practical question. The practical question is it is in your client's interest for you to make an appeal on your client's case as they bring it to you and within your ability to do it, but it is in their interest to file the appeal even if the odds of winning are low. Whereas in a normal situation, I just want to, maybe I'm wrong. That's why I'm asking you the question. In a normal situation, you file an appeal where the odds are maybe 5%. A lawyer might say, well, you can file this appeal. It's not frivolous to do so, but it costs a little money. It might be a problem. Why don't you just consider not bringing the appeal? But in certain kinds of cases, and I'm wondering if this is one, even if the chances of winning are very low, they might nonetheless want to make that appeal because of what you said earlier, which is that they get to stay in their house longer. Is that right or wrong? I can't assess what my client's motives are, but I'd say the end result is Lawyers advise clients as to whether to appeal. Judge, I don't twist their arm. I don't. You see what I'm asking you. I absolutely do. But, Judge, let me try to answer the intent of that question, which is, number one, the homeowner wants to stay in his house. Number two, you have a statute that Without paying the mortgage. Oh, no, no, no, Judge. Well, they haven't been paying it in this case, right? No, no. Oftentimes, they have to make escrow payments. Now, I don't know if this particular case they make escrow payments, but typically they have to make escrow payments in a district court depending on the outcome of the case. So that's number one. Wait a minute now. You've got this case and you don't know if your clients are making escrow payments or not? That's something you should know. Well, Judge, I can go look up in this particular case where they are, but I would say No, you should know that before you come to court. Judge, let me answer that question, is that it really comes up whether they make escrow payments or not. There's really an issue whether they make escrow payments or not. And so that's why, I guess in my world, it's not an issue. But I would say typically if there's a district court case, there is an escrow order and they make escrow payments depending on the outcome of the case. Now, Judge, I would also say it's not all my client's fault. My client wants a loan modification. The bank won't give it to them. If the bank would give them the loan modification, we wouldn't have this problem. So we're not, quote, unquote, the bad guys. Well, she was given notice of that. The only way you win is if you demonstrated that she didn't get notice, I guess. Well But they also have filed it with the legal news, notice with the legal news. Well, that is one issue or one particular element of the statute, which is why discovery is so important. But she knows whether she got it or didn't get it or Well, she said she didn't get it. That's what she said, she didn't get it. But what typically happens is after we have discovery, then we can work out the nuances of the case. And typically after discovery, these cases are resolved. It's just when you have these particular type of cases when we don't have an opportunity to flush the case out and we're here because What could be the resolution of this case? Here is my wish list of how this would be resolved. If the court would rule in our favor and remand it for hearing or for discovery, determine if there are irregularities. What typically happens in that situation is then the bank says, hey, look, let's sit down and try to resolve this matter. That's number one. Number two, if there is determined to be fraud and irregularity, as in the case with Judge Lawson, which I have as an additional site in this case, and that is my case. But you had a redemption period to do exactly what you're contending should happen. Well, here is the remedy under 3205C. It is that it is set aside and then they have an opportunity for a judicial foreclosure. That's the remedy. During the redemption period, there's nothing stopping you from talking to the other side and saying, let's work this out. Well, I would love for them to have come to me before this year. We're not here to give you a second bite of the apple because your client didn't come to you soon enough. Well, they never had a chance in the first place. And that was the whole point. They didn't know about it. And that's the problem with these cases, is that you have a homeowner who reads. You know whether she was paying her payments. Well, Judge, here's what typically happens when somebody gets behind on their mortgage. They get a phone call from their bank, they get a letter from their bank, and they try to work it out. And then, whether they do it or don't, that becomes problematical. But what happens in Michigan is then you either have the judicial foreclosure or foreclosure by advertisement. And the question is whether they get notice of that. Because if they do, they go to this hearing and then they try to work out a loan modification. But again, this becomes a question of facts. And all the cases say that, well, the parties must be given an opportunity to develop those facts. And in this case, we weren't even given an opportunity to amend the complaint. Because if we had a little discovery, we would have had an opportunity to amend the complaint. But most importantly, as the cases go, you have to be given an opportunity to show that there was irregularity and prejudice. That's the M case. That's the Bryan case. Those are additional cases I made reference to, which is the Carter case and the Powers case. So the only thing we're asking is that it's a real simple request. It's allow this to be remanded for us to have discovery, and then we can make a determination whether there's irregularity. Counsel, your red light is on unless you want to take time from your rebuttal time. Yes. Do you want to take time and continue by using your rebuttal time now? I want to use my rebuttal, Judge. All right. We'll dispense with the rebuttal. No, no, no. I want to use my rebuttal. Oh, okay. I'm sorry. Okay. All right. We'll hear your rebuttal after your opponent. Good morning, Your Honor. Jill Wheaton from Dyke and McGosset, representing the defendant at Billy J.P. Morgan Chase. Judge Rogers, you hit the nail on the head. Before I came here today, I looked and I saw how many cases Mr. Fair alone had in this court from foreclosures, and it was 41. Three of those are still pending. The rest, he lost. They were affirmed. 99 times out of 100, they're affirmed with a fairly short unpublished per curiam opinion, adopting the reasoning of the district court. You're saying he lost 38 cases out of? Yeah. I didn't exactly count them, but it's a significant number. I know because I've been involved in most of them. Were they all foreclosure cases like this? Yes. They're foreclosure cases. Keeping you in business. They are, actually, and you know what? I would rather not because I have other business I could be doing, and it's a waste of time for my clients. What happens, and you asked what happens. I'm kind of going off my script here, but I'm going to answer your question from before. Yes, there's list penances. There's other things, and some clients, some of the banks will say, we don't want to foreclose when there's litigation. It just opens a can of worms. Call me when it's over. Other bank clients are now saying, we'll go, and unless there's a stay in place pending appeal, we're going to try and evict. So I handle my appeal, and trot and trot or Orlin's or the foreclosure council brings another foreclosure.  Affirmative defenses by the borrower. The foreclosure was void, yada, yada. Everything they said in their other lawsuit. And Darwin or whoever his equivalent counsel is says to the court, this case is on appeal to Sixth Circuit, Michigan Court of Appeals. And the district court judge in the foreclosure matter usually then says, I'm not going to touch it then. So sometimes these cases are stopped and held in their tracks pending appeal because the bank does nothing. Sometimes they're held in their tracks because a district court, an eviction court, doesn't want to do anything. And in many of those cases where Mr. Fair was unsuccessful here, he filed a cert petition. I have a form one-page waiver of the Supreme Court that I crank out time after time after time. Because after the decision comes down from this court, he files. You use boilerplate too. You bet I do. I'm allowed to do the one-page waiver boilerplate. And same thing with applications for leave to the Michigan Supreme Court. So it doesn't end here. And in fact, we have one case that isn't Mr. Fair's, it's another one, where the person went into eviction court and said, I brought a petition in the U.S. Supreme Court. And the district court judge in Michigan said, oh, I'm not going to touch that with a 10-foot pole. So I have to call the client and say it's going to be a few more months before the Supreme Court says no. Eventually, four, three, four years later, it happens, they run out of appeals, and they're finally evicted. But you are hitting the nail on the head, Your Honor. That is what happens here. And so I really don't know. I can go on about all the details here. Have we resolved the issues that are in this case and previous cases? You have. Mostly all unpublished. The primary issue he brings up here is the loan modification. There's a Thompson case, that's docket 13-2230, involving Mr. Fair, where you held the only remedy for a violation of the loan modification statute is to convert the foreclosure into a judicial before it occurs. You can't come in after the foreclosure has occurred and ask to undo it. To quiet title in your name, to set aside a foreclosure, which is the remedy always sought by the borrower and sought by Ms. Locia here, can't be done after the foreclosure has taken place. You held that in Thompson. You held that in a case called Koshika, case number 13-2570. You held it in a case called Sacco, 14-1823. You held it in Holiday, 13-2224, and I could go on and on and on. I was kind of hopeful that you asked for our argument today because you guys were going to issue a published decision that maybe would have a little more weight than the previous unpublished ones. But frankly, in all honesty, we get the same brief time and again. There is no attention paid by counsel for these people as to what the law is now, how it has evolved. They continue to cite to the Mitan case, which this court in Conlin, which Judge Clay was on the panel, specifically said, isn't the law in the Sixth Circuit anymore. Kim is the law in the Sixth Circuit now. You can't say a foreclosure is set aside because of a technical defect under Kim, yet his brief still cites Mitan. So again, it is an exercise in futility. I can go into the specific facts in this case. She claims now, I didn't get the letter. Well, I thought that argument was abandoned. That was the argument below. District Court found that she'd gotten the letter. There is nothing in this brief today that says, I didn't get the letter. Nothing to contradict the affidavit saying she got the letter. Nothing to contradict the affidavit of posting about notice. And then she says, well, in one page, you failed to determine if I was eligible. And in another page, she says, you erred in finding me not eligible. Well, I don't know. And then the third argument is, you failed to send me a letter with calculations explaining why I was denied. You don't have to get to any of that. What happened here was the notice was sent pursuant to the statute. There is no proof that a request was made for a loan modification. And even if she had made that request, there is no law saying she was entitled to a modification and that for not doing that, you can undo a foreclosure that occurred. And even if there was a rule saying we had to evaluate her, as I said before, the only remedy is to have a judicial foreclosure. And finally, under Kim, even if you find a violation, in order to set aside a foreclosure, ignoring the language of the statute, you have to establish, if you're the borrower, that it would have been in a better interest to preserve your right on the property had there not been this violation. So is she really claiming that if she had gotten a letter saying you've been denied, she would have been in a better position to redeem? As Judge Sir Heinrich noted, she could have done for the six months following this and, frankly, for the years in which they were trying to kind of work something out but could never reach an agreement as to how to resolve this. Finally, as to the claim that this should have been discovery on this, Judge Rogers, you got that right. There's one line in their brief. That is not what this case boils down to. I was shocked to hear that this morning because there's nothing in the brief about that. But, of course, 12b-6 doesn't require discovery. If you were to hold that, you would undo Rule 12b-6. No discovery in this case could have changed the fact that she did not show prejudice. She did not show that her right to redeem the property was harmed, her ability to redeem it was harmed. And more importantly, no discovery will change the fact that the exclusive remedy in the statute, as this case is found time and time again, the laundry list of cases I all just read to you, that the only remedy per the statute, which, by the way, has now been revised and abrogated, so maybe we won't hear this argument much more in a year or two, is to convert it to a judicial foreclosure before the foreclosure occurs. So no discovery would have changed that. And I'm sure we'll go to the Supreme Court on this one, but hopefully not. Any questions? Apparently not. Okay. That means I sit down and shut up. Thank you. Maybe earlier. What? Maybe earlier. I know. Sorry. I wanted to get it all out just in case. You never know. Can I get some of Jill's time? No, you can't. I've never heard that. You know, there's a couple things. I know I have three minutes, but here's the most important thing at the big picture I want to make sure we get across to the Court, is that we do not want to chill the effect of litigation with homeowners. Homeowners losing their home is a very emotional situation, and they want advocates who go there and fight for them. And if you don't give them an opportunity to do that, then it causes other problems in society. People need to be able to come to you. I'm not saying you lacked opportunity, are you? I'm sorry? No. Well, Judge, and that's the point I'm making. I don't want the Court to say, oh, we do not want homeowners coming in. But you have, as an attorney, you have obligations, too. And one of your obligations is not to bring false claims. And if 41 of them have come, you're going to at some point be subject to Rule 11 sanctions, and you're not going to like that. Well, let me address that also, Judge. And Ms. Wheaton knows this as well as everyone, which is this case law is evolving and it continues to change. The Solomon case was a prime example. That was her case. Which, if you didn't raise that before, then you have problems in the future. And so, as an attorney, we have an obligation to put forth an argument because the law often changes, and it's forever evolving in this area. And if we don't put that forth, then we are left with, well, you didn't raise it. Well, we didn't raise it because it wasn't a strong argument. Well, you should have raised it because now the new case law says you should have. So we are putting that situation oftentimes in this area that we have to raise issues because of the potential change in the law. And that has happened often in this case. And then number two is that this whole issue of can it be undone, well, that's what the Kim case is all about. That's what the Bryant case is all about. And the Bryant case is my case. It's that, yes, we will undo it if there is irregularities. That's the whole point. It's not like at the end of the redemption period you can't come back to court. No court has ruled that. All the courts have said, yeah, you can't come back to court if you don't prove fraud and irregularity and prejudice. And that is what we never had an opportunity to do in this case. Lastly, I think I've got just a few seconds left. If I had an affidavit for all my clients that I represented and I presented to those courts, you would see affidavits of happy homeowners. And that's because I do a very good job of representing my client and getting the results that they want at the end of the day. The courts can only go so far. But what happens outside of the courts is the litigation helps us to resolve these cases. Now, I hear assistant counsel saying, well, I wish I didn't have these cases. I can say the same thing. But like I said, I don't twist. Part of what you gain for them is extra time in their home even though they haven't paid their mortgage, though, right? Well, no. If you see the affidavits, if I had affidavits for you, it would be we got to stay in our house. Those are what the affidavits would be because at the end of the day, we resolve these cases. There are loan modifications worked out. There are short sales worked out. There are cash for keys worked out. There are a number of options that worked out. If you talk about all these cases and you'd say, well, which one of these homeowners actually got evicted? We're talking about less than 5%. The rest of them gets resolved. Counsel, you might want to wrap up your red lights on there. All right. Thanks, Your Honor. Thank you. If counsel would remain at counsel's table, that would be appreciated. This court has a procedure pursuant to Local Rule 36 by which the court may provide a ruling from the bench when the judges are unanimous and there's no reason for delay. And today, Justice Heinrich will provide that ruling to you in this case. All right. On August 8, 2007, Plano entered into a residential mortgage agreement with Chase to secure a $530,000 loan. She used that loan and also signed a promissory note to purchase a house. The mortgage was properly recorded and subsequently she defaulted on the mortgage. Plano has sued the defendant Chase in this matter for an action to acquire a title, requesting judicial foreclosure, requesting a preliminary injunction. The case was heard by the district court, which on the basis of a motion to dismiss under Rule 12b-6, the district court granted that motion. We have reviewed this case thoroughly. We have heard oral argument. We have looked at your complaint. And we, to that end, agree with the district court. And this case is dismissed pursuant to the district court's opinion and order. What I've said will be, you can order that on the record from what I've said. Anything else? Not at all. You will get an order subsequently from the clerk of the court confirming this ruling. Thank you very much, and the clerk may call the next case. Thank you.